JULIO RODRÍGUEZ, Plaintiff and Appellant, *v.* LÍNEA FÉRREA
DEL OESTE, INC., Defendant and Appellee.

No. 3297. Argued December 12, 1924.—Decided April 30, 1925.

1. DAMAGES—CONTRADICTORY EVIDENCE—FINDINGS OF TRIAL COURT.—The Supreme Court will not reverse the findings when the evidence is contradictory and no partiality or prejudice is shown.

2. ID.—ID.—ID.—NEGLIGENCE—LAST CLEAR CHANCE.—The rule of the last clear
   chance does not apply when, after weighing contradictory evidence, the trial
   court finds that the appellant and not the appellee was negligent.

First District Court of San Juan, Charles E. Foote, J.  Judgment
   for the defendant in an action for damages.  *Affirmed.*

*O. M. Wood* and *Luis E. Dubón* for the appellant.  *Charles Hartzell,
   Daniel Kelley* and *Rafael Fernández* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On the day of the occurrence which originated this suit
the appellee owned a railroad connecting Bayamón with its
ward of Cataño for the transportation of passengers in
cars moved by gasoline with speed changes like automobiles,
but running only on the track.  This track enters Cataño
on Tren street, which is crossed by San Lorenzo street.
On February 18, 1923, an auto-train of the appellee carry-
ing passengers collided with the appellant's automobile at
the corner of San Lorenzo street and he brought an action
against the owner of the said train to recover for the dam-
age done to his automobile, alleging that the collision was
due to the negligence and carelessness of the defendant's
employee who was driving the auto-train.

The defendant opposed the claim and after a trial judg-
ment was rendered dismissing the complaint on the grounds
that the evidence showed no negligence on the part of the
driver of the auto-train and that the plaintiff, knowing well
the conditions of the place where the accident occurred,
did not take all necessary precautions by stopping the au-
tomobile, if necessary, or looking both ways before attempt-
ing to cross the street, but, on the contrary, drove upon
the track when the auto-train which struck his automobile
was approaching, facts which clearly established his neg-
ligence.

The plaintiff took the present appeal and alleges that
the court below erred in finding that he was negligent; in
not finding that there was negligence on the part of the
defendant, and in not finding that even if the plaintiff was

negligent the defendant had the last clear chance to avoid the collision. He alleges also that in weighing the evidence the court acted with passion, prejudice and partiality and committed a manifest error.

As may be seen, the first three assignments of error and the last one to some. extent all refer to the weighing of the evidence by the trial court and may be considered jointly.

The evidence was contradictory, as is usual in this class of cases, for the witnesses for the plaintiff testified that he was driving his automobile slowly when he attempted to cross Tren street; that he was sounding the klaxon; that the auto-train was running at high speed; that it had lights inside, but only a small light in front, some witnesses saying that it had no headlight, and that it did not blow the whistle. The witnesses for the defendant testified that the auto-train was blowing the whistle; that in front it had an electric searchlight which was connected with the interior lighting; that it was running at low speed because it had just made a stop and could not change to third speed until it had run some distance; that it reached the corner ahead of the automobile, which was running very rapidly and came on the track; that as soon as the automobile was seen the motorist of the auto-train applied the brakes, and that the auto-train was in good condition, for it was new.

[1, 2] The conflict in the evidence was adjusted by the court below by giving credit to the evidence for the defendant, which warrants the finding of the court that the plaintiff was negligent; that defendant's employee was not, and that the rule of the last clear chance could not be applied. That decision is justified also by an important contradiction made by the plaintiff and for all of these reasons we can not interfere with the weighing of the evidence by the trial court, in which there was no manifest error as assigned by the appellant.

The allegation that the court below adjusted the conflict in the evidence moved by passion, prejudice and partiality is unfounded, as there is nothing in the record to show such mental condition on the part of the court.

The judgment appealed from must be affirmed.